UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **EARL A. ROBINSON** | **CIVIL ACTION NO. 04-2594-L** |
| VS. | SECTION P |
| **N. BURL CAIN, WARDEN** | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed by *pro se* petitioner Earl A. Robinson on December 21, 2004. Robinson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving concurrent forty-five year sentences following felony convictions in Louisiana's Thirteenth Judicial District Court, Evangeline Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and exhibits establish the following relevant chronology of events:

1. On December 22, 1997, petitioner pled guilty to various felony offenses[1] and in

---

[1] Petitioner claims that he was convicted of three counts of aggravated rape, five counts of sexual battery and two counts of pornography. [Doc. 1, paragraph 3(d); see also Memorandum, at p. 4] However, the record reveals that petitioner entered into a plea agreement which was articulated as follows, "Judge, for the record, this is Docket Number 56,005F... at this time the State of Louisiana would like to enter into the records, ...that on the three counts of aggravated rape involving children under the age twelve, the State of Louisiana will not seek the death penalty in that matter. We have reached a plea bargain, ... the plea bargain will be he is charged

accordance with a plea agreement he was sentenced to serve concurrent hard labor sentences totaling forty-five years. [Doc. 1, paragraph 3; Memorandum, p. 4]

2. Petitioner did not appeal his conviction and sentence.[2] [Doc. 1, paragraph 6] Therefore, petitioner's judgment of conviction and sentences became final when the delays for seeking an appeal lapsed, or, on or about January 6, 1998.[3]

---

with three counts of aggravated rape in violation of R.S.14:42. The State of Louisiana will accept a responsive plea to those three counts and he will receive a sentence of 45 years at hard labor without benefit of probation, parole or suspension of sentence. These three sentences of 45 would run concurrent with each for a total of 45 years... He is also charged with five counts of sexual battery. He will plead guilty to all five counts. He will receive a sentence of nine years without benefit of probation, parole, or suspension of sentence on each count to run consecutive for a total of 45 years without benefit. That 45 years will run concurrent with the 45 years that he received on the three counts of attempted aggravated rape... He is also charged with two counts of pornography involving juveniles and he will receive a sentence of 10 years on each count without benefit of probation, parole or suspension of sentence. Those 10 years will run consecutive with each other for a total of 20 years and that 20 years is to run [concurrent] with the total of 45 years." [Appendix A, Exhibit 13-B, page 50, 13-D, page 52, 13-E page 53]

[2] Indeed, petitioner could not have appealed either his conviction or sentence. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976). See also La. C.Cr.P. art. 881.2(A)(2) which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown above, petitioner pled guilty pursuant to a plea agreement which provided for the imposition of concurrent sentences totaling 45 years.

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on December 22, 1997, the Monday preceding Christmas. The five day delay for filing an appeal

3. Petitioner filed his first Application for Post-Conviction Relief on April 10, 2000. [Doc. 1, paragraph 7; addendum; see also Appendix A] He argued six claims for relief, paraphrased as follows: (1) petitioner's extradition violated the United States Constitution and the Louisiana Code of Criminal Procedure; (2) the racially discriminatory manner in which the foreperson of his grand jury was chosen violated petitioner's due process and equal protection rights; (3) the unconstitutionality of La. C.Cr.P. art. 413(B); (4) petitioner's indictment was otherwise defective and thus his conviction denied him both due process and equal protection; (5) petitioner's plea was coerced; and (6) petitioner's court-appointed counsel was ineffective. [Appendix A, pp. 12-13] Petitioner further claimed, "The facts stated hereinafter in the alleged claim(s), were not known to the petitioner until approximately six (6) months ago ..." [Appendix A, p. 12]

On September 15, 2000, an evidentiary hearing was convened. At the conclusion of the hearing, all claims were denied. [Appendix A, Transcripts; see also Appendix C, Exhibit D– Judgment]

Petitioner did not thereafter seek further review in the Louisiana appellate courts. [Doc. 1, Addendum to Question No. 4] Petitioner claimed that he "...was unable to perfect an appeal thereto, for at the time of filing, was placed in Administrative Segregation and did not have adequate access to the appropriate legal material's (sic) to perfect the said appeal..." [Doc. 1,

---

commenced on Tuesday, December 23. The court presumes that December 24 (Christmas Eve), December 25 (Christmas Day), December 26 (Friday), December 27 (Saturday) and December 28 (Sunday) were legal holidays. Giving petitioner the benefit of every doubt, and assuming the presence of additional holidays between Christmas and New Year's Day, the court concludes, for the purposes of this Report, that petitioner's judgment of conviction and sentence became final, at the latest, on Tuesday, January 6, 1998.

Addendum to Question No. 4]

4. On April 17, 2003 petitioner filed a Second Application for Post-Conviction Relief. [Appendix B] Petitioner argued a single claim for relief, "Whether the Evangeline Parish District Attorney's Office and/or the 13[th] Judicial District Court established the requisite subject matter/personal jurisdiction in accordance with and pursuant to Statutory and Constitutional laws, provisions and safeguards to legally and lawfully prosecute petitioner herein for the crimes he now stands convicted; subject-matter and personal jurisdiction which was obtained from fabricated and manufactured statements and evidence; evidence which was planted in petitioner's residence by the Mamou Police Department pursuant to an unlawful search of the same to corroborate the statements and allegations made against petitioner, thereby violating his Due Process and Equal Protection guarantees as provided by the United States Constitution." [Appendix B, at p. 9]

Petitioner alleged that the claim was "...based upon final rulings of Appellate Court and/or Supreme Court decisions establishing heretofore known and/or unknown interpretations of Constitutional and Statutory law as they are written." [Appendix B, Memorandum, p. 8] He also alleged that the claim was "...predicated upon facts recently discovered by the petitioner..." and thus subject to the limitations exception to La. C.Cr.P. art. 930.8. [*id.*, page 10]

Petitioner claimed that the information referred to was contained in police reports he had obtained two months prior to April 17, 2003. ("The facts stated hereinafter in the alleged claim, were not known to the petitioner until approximately two (2) months ago..."[*id.*, page 11]) Elsewhere petitioner alleged that the newly discovered documents were discovered on December 2, 2002. [Appendix C, Application for Supervisory Writ of Review, p. 7]

Further, petitioner made the following allegation with respect to his "newly discovered evidence" claim, "Petitioner herein submits and hereinafter avers that after several attempts to obtain such, he recently obtained the police reports of several officer's (sic); Search Warrants and other supporting documents from the Mamou Police Department, which in themselves conclusively indicates that the case in which petitioner was investigated for and which was brought against the same, was fabricated and manufactured to corroborate the alleged victims statements, to include a report as given by the State's Physician which clearly refutes the alleged victims statements. And it is these previously non-disclosed reports and documents that the petitioner now submits as newly discovered evidence." [Appendix B, page 14][4]

5. According to the statement of the case set forth in petitioner's subsequent writ application filed in the Third Circuit, an evidentiary hearing on the second Application for Post-Conviction Relief was held on May 27, 2003. [See Appendix C, Exhibit I]

The Application was ultimately denied as untimely and repetitive. [*id.*] Thereafter, on June 25, 2003 petitioner filed a notice of intent to seek writs. [Appendix C, Application for Supervisory Writ of Review, pp. 7-8]

6. On or about July 16, 2003, petitioner filed an application for supervisory writs in the Third Circuit Court of Appeals. [Appendix C] In this writ application petitioner argued fifty-six "issues and questions of law..." [*id.*, p. 2] On September 24, 2003, the Third Circuit Court of Appeals denied writs finding, "There is no error in the trial court's ruling. Relator's application for post-conviction relief is untimely and repetitive. See La. Code Crim.P. arts. 930.4 and

---

[4] The "newly discovered evidence" relied upon by the petitioner were a series of police reports and court documents submitted as Exhibits 8A – 27N in Appendix B.

930.8..." [Appendix C, *State v. Robinson,* No. KH-03-00954 (La. App. 3d Cir. 9/24/2003), slip opinion]

On October 6, 2003, petitioner filed an "Application / Petition for Rehearing." On October 9, 2003, petitioner's pleadings were returned and petitioner was advised by the Clerk of Court that pursuant to Uniform Rule 2-18.7, the court "...does not consider applications for rehearing on writs that have been denied..." [Appendix C]

7. On or about October 20, 2003, petitioner filed an Application for Supervisory Writs in the Louisiana Supreme Court. Therein he presented fifty-seven "issues and questions of law." Writs were denied by the Supreme Court on November 24, 2004. *State ex rel. Earl A. Robinson v. State of Louisiana,* 2003-KH-3122 (La. 11/24/2004). [Appendix D]

8. Petitioner's *habeas* petition was signed on December 14, 2004. The court has reckoned that the earliest date upon which petitioner could have filed this *habeas* petition was the date he signed it.[5]

## LAW AND ANALYSIS

1. Timeliness under 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

---

[5] Petitioner has thus been given the benefit of the "mailbox rule" with regard to the filing of his writ application in this court. See *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston,* 487 U.S. at 271-72, 108 S.Ct. at 2382-83.

Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[6]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

As shown above, petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of

---

[6] Petitioner suggests that this reckoning period should not apply because the factual predicate of his claims was only recently discovered. A discussion of timeliness under 28 U.S.C. § 2244(d)(1)(D) follows in Part 2.

direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about January 6, 1998. [See Paragraph #2, Statement of the Case] Under 28 U.S.C. § 2244(d)(1) he had one year, or until January 6, 1999 to file his federal *habeas* petition.

Petitioner filed his first Application for Post-Conviction Relief on April 10, 2000 [see Statement of the Case, Paragraph #3], therefore, he cannot rely upon the statutory tolling provisions of 28 U.S.C. §2244(d)(2) because by that time, the limitations period had already expired, and, as shown above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

2. Timeliness under 28 U.S.C. § 2244(d)(1(D)

Section 2244(d)(1)(D) reckons AEDPA's limitations period from "...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner claims that "...since the filing and subsequent denial of the foregoing [his April, 2000 Application for Post-Conviction Relief] ... he discovered the existence of Police Reports, Warrants and other documents that were previously withheld/undisclosed and, records which were diligently sought after by this petitioner for near (sic) six (6) years following his conviction and sentence..." Plaintiff further claims to have discovered these documents on or about December 2, 2002. [Doc. 1, Memorandum, p. 4, "Statement of Case..."] He claims that his second Application for Post-Conviction Relief, filed in April, 2003, was based upon this newly discovered evidence. [*id.*, p. 5]

A review of the Second Application for Post-Conviction Relief [Appendix B] reveals that

petitioner made the following claims: (1) he claimed that the state court's jurisdiction "...was obtained from fabricated and manufactured statements and evidence...;" and, (2) He also claimed that "evidence ... was planted in petitioner's residence by the Mamou Police Department pursuant to an unlawful search of the same to corroborate the statements and allegations made against petitioner..." [Appendix B, "Issues Presented for Review" at p. 9] In support of these claims, petitioner relied upon the following exhibits:

(1) Report of Lt. C.R. Israel, Mamou Police Department (No. 0149) – Exhibit 8 A-D.

(2) Supplemental Report of Lt. C.R. Israel (No. 0151) – Exhibit 9 A-B.

(3) Report of Det. Todd Ortis, Mamou Police Department (No. 1001) – Exhibit 10 A-C.

(4) Report of Sgt. Adam Fruge, Mamou Police Department – Exhibit 11

(5) Search Warrant, October 24, 1997 – Exhibit 12 A-D

(6) Handwritten letter to Laurie Rebuck, Flathead County (Montana) Sheriff's Office from Assistant District Attorney Anthony L. Walker requesting the detention of petitioner on charges of rape and sexual battery – Exhibit 13

(7) Fax Cover sheet, typewritten letter to Laurie Rebuck from A.D.A. Walker requesting detention of petition on charges of rape and sexual battery, and Arrest Warrant, all dated October 24, 1997 – Exhibit 14 A-D

(8) Booking Sheet, Flathead County, Montana, Sheriff's Office, October 24, 1997 – Exhibit 15

(9) "Uniform Interdepartmental Information Sheet" – Flathead County Sheriff's Office, October 27, 1997 – Exhibit 16

(10) Justice of the Peace Complaint Form charging petitioner as "fugitive from justice" –

Exhibit 17

(11) True copies of Montana Criminal Codes statutes 46-30-101 to 46-30-413 – Exhibit 18 A-G

(12) Arrest Warrant (Montana) and "Release Sheet"– Exhibits 19 and 19A

(13) Waiver of Extradition signed by petitioner before Judge Katherine P. Curtis of Montana's 11th Judicial District Court dated October 28, 1997 – Exhibit 21

(14) Letter from Flathead County Clerk of Court to petitioner dated March 14, 2000 – Exhibit 22

(15) Incident Report, October 29, 1997 – Exhibit 23

(16) Complaint and Arrest Report, 11/16/97, C.R. Israel, Mamou Police Dept. – Exhibit 24

(17) Minutes of Court, December 12, 1997, 13th Judicial District Court, Evangeline Parish, Louisiana, (Arraignment) – Exhibit 25

(18) Bill of Indictment, Case No. 56005-F, State of Louisiana v. Earl A. Robinson – Exhibit 26 A-E

(19) Portion of Transcript, plea colloquy, guilty plea and sentencing – Exhibit 27 A-N

(20) Letter from petitioner to Mr. West dated July 17, 2000 – Exhibit 28 A-M

(21) Letter from petitioner to Mr. Fontenot dated July 27, 2000 – Exhibit 29 A-C

(22) Letter from petitioner to Governor Mike Foster dated August 4, 2000 – Exhibit 30 A-C

(23) "Motion to Remove Appointed Counsel and to Continue Pro Se – Exhibit 31 A-E

(24) Letter from petitioner to Alex Chapman dated August 28, 2000 – Exhibit 32 A-L

(25) Motion to Quash Subpoena (and Exhibits) filed on behalf of Governor Foster – Exhibit 33 A-R

(26) Portion of Transcript – Exhibit 34 A-H

(27) Unsigned Waiver of Extradition Form – Exhibit 35/38

(28) Portion of Transcript – Exhibit 39 A-B

(29) Minutes of Court, December 23, 1997 – Exhibit 40

To the extent that petitioner relies upon the belated discovery of these documents to extend the § 2244(d)(1) limitations period, his reliance is misplaced. Petitioner confuses his knowledge of the factual predicate of his claim with the time permitted for gathering the evidence to support his claim. The factual predicate of his claim for relief is essentially a claim of "actual innocence" – his claim that the Mamou Police Department "...fabricated, falsified and/or manufactured statements and evidence..." and then planted evidence "...in petitioner's residence... to corroborate the statements and allegations made against..." him by the minor children who were the victims of his crime. It stands to reason that petitioner was "aware" of his "innocence" at the time of his arrest. Thus, he would surely have been aware that his accusers, with the assistance of the police authorities, fabricated their complaints and that any inculpatory evidence seized from his residence had to have been "planted" by third parties.[7]

---

[7] In other pleadings petitioner makes it clear that he has confused the discovery of the "factual predicate" of his claims with the discovery of the "evidence" necessary to support the factual predicate. In his July, 2003 writ application to the Third Circuit Court of Appeals, for example, petitioner claimed, "...after several attempts to obtain such, he recently obtained the police reports of several police officer's (sic) of the Mamou Police Department to include search warrants and other documents, which in themselves conclusively indicates (sic) that the case in which Relator was investigated for (sic) and subsequently brought against him, was fabricated and manufactured to corroborate the alleged victims' statements, and it is these non-disclosed police reports and other documents that this Relator now submits as newly discovered evidence."

In short, the various police reports formed no part of the factual predicate to petitioner's present claims for relief. His contention that the one-year period of limitations did not begin to run until December, 2002 when he discovered the documents listed above is without merit. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

His claims concerning irregularities in the extradition procedure where clearly known to him at the time he filed his first Application for Post-Conviction Relief. As shown above, he actually litigated similar claims in 2000.

In short, this petition for writ of *habeas corpus* is clearly and unequivocally time-barred. Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[Appendix C, Writ Application, at p. 9 – "Issues 1-6", emphasis supplied]

days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on March 2, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)